UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

BOBBIE R.,[1]

    Plaintiff,

v.

MARTIN O'MALLEY,

    Defendant.

Case No. 23-cv-05770-RMI

**ORDER REMANDING CASE FOR FURTHER PROCEEDINGS**

Re: Dkt. No. 9

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision denying her application for benefits under Titles II and XVI of the Social Security Act. *See* Admin. Rec. at 19.[2] Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council (*see id*. at 1), thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both Parties have consented to the jurisdiction of a magistrate judge (dkts. 6, 7), and the matter has been fully briefed (*see* dkts. 9, 10, 11). For the reasons stated below, this case is remanded for further proceedings.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in ten attachments to Docket Entry #8. *See* (dkts. 8-1 through 8-10).

aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). As to the five-step sequential evaluation process required by federal regulations for the evaluation of disability claims, Plaintiff has set forth those details adequately. *See* Pl.'s Br. (dkt. 9) at 14-15.

## SUMMARY OF THE RELEVANT EVIDENCE

Plaintiff has rendered a detailed recitation of the factual background of this case. *See id*. at 5-14. In light of which, the court does not feel it necessary to reiterate all of those details here. Suffice it to say that Plaintiff has alleged, *inter alia*, that the ALJ erred by failing to consider her PTSD at Step Two and beyond. *Id*. at 5.

Plaintiff stopped working in 2015, when her boss went missing after leaving her home and was found dead on the side of the road three days later. *See* AR at 44. She attempted to return to work briefly but was unable to continue despite receiving counseling, and she was eventually terminated in 2021 after receiving a severance package. *Id*. Plaintiff had been grappling with PTSD and receiving counseling for it since 2012, and she had obtained her job at a manufacturing company through a program at Catholic Charities for people with mental health concerns. *Id*. at 46-47. She had been without a psychiatrist since June 2021 because her prior doctor had left the clinic, and no new doctor had become available. *Id*. at 61. Plaintiff's last suicide attempt was in

2016, but she has since reported suicidal thoughts daily. *Id*. at 62.

The vocational expert ("VE") in this case described Plaintiff's past work as a heavy equipment operator, a safety technician, a quality control technician, and a waitress. *Id*. at 64. The VE also testified that an individual capable of performing simple and routine tasks, simple work-related decisions, having occasional superficial interaction with the public, and occasional interaction with coworkers and supervisors with no tandem, team, or group work could work as a hospital cleaner, kitchen helper, or warehouse worker. *Id*. at 66. It was further opined that such a person could also work as a cleaner II and a mail clerk. *Id*. at 66-67. The VE added that employers would generally tolerate someone being off-task up to 10% of the workday, as well as one absence per month. *Id*. at 67. According to the VE, an individual soiling themselves at work on a weekly basis, as is the case with Plaintiff, "would present a problem." *Id*. at 69.

Following the hearing, the ALJ determined that Plaintiff had the residual functional capacity to perform simple, routine tasks with simple work-related decisions, occasional interaction with supervisors and coworkers and superficial public interactions, but no tandem or team-work. *Id*. at 27. He concluded that she was not disabled despite being unable to perform any of her past work because he found she was capable of performing other work (e.g., as a hospital cleaner, a kitchen helper, a warehouse worker, a cleaner II, or as a mail clerk). *Id*. at 31. Because it is relevant to Plaintiff's assertion that the ALJ failed to consider evidence of her PTSD at Step Two, the court will note that the record in this case is teeming with evidence of Plaintiff's PTSD. *See id*. at 611, 616, 621, 629, 630, 632-33, 636, 642, 693, 705, 707, 710, 714, 715, 991, 973, 976, 1011-12, 1041, 1114, 1117-50, 1154, 1157 1163-64, 1168, 1173, 1175, 1328; *see also* Pl.'s Br. (dkt. 9) at 16-17.

**DISCUSSION**

Plaintiff raises four claims in this court – including the claim that the ALJ erred by failing to find Plaintiff's PTSD to be a severe impairment at Step Two and also by failing to consider it at Step Three or during the formulation of the residual functional capacity ("RFC"). *See generally* Pl.s' Br. (dkt. 9) at 5, 16-29. The court's review of the ALJ's decision bears out the fact that the ALJ did not consider the evidence of Plaintiff's PTSD at Step Two. *See* AR at 25. Furthermore,

3

the court finds that the ALJ appears to have not considered that evidence at Step Three by properly evaluating Plaintiff's PTSD symptoms and limitations in light of the requirements set forth under Listing 12.15 (Trauma and Stressor-Related Disorders). *See id*. at 25-26. Neither does it appear that the ALJ considered this evidence when formulating the RFC. *See id*. at 27-30. What is puzzling is the fact that the ALJ twice mentioned Plaintiff's PTSD (*see id*. at 27, 28) but that he did so without considering its symptoms and effects on Plaintiff's work-related abilities.

Defendant submits that the ALJ's failure in this regard was harmless error. *See* Def.'s Opp. (dkt. 10) at 5-6. The gist of Defendant's argument is: (1) that Plaintiff has not shown that she was prejudiced as a result of the ALJ's omission; (2) that Plaintiff's *other* mental impairments were considered; and (3) that, while some treatment providers diagnosed Plaintiff with PTSD, others did not. *See id*. at 6. However, as Plaintiff points out, a Step Two error is only considered harmless if the relevant impairment is considered by the ALJ during the Step Three analysis and during the formulation of the RFC. Pl.'s Reply (dkt. 11) at 2 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017)). The court agrees and finds that the ALJ's failure in this regard: (1) was legal error based on a misapprehension of the standards associated with Step Two determinations; (2) was rooted in the failure to properly develop the record as to Plaintiff's PTSD and its limitations during the relevant disability period; and, (2) that the error resulted in a Step Three determination and an RFC that is not based on substantial evidence (which, infected the remainder of the ALJ's decisions as well) – necessitating a remand for further proceedings.

Step Two's evaluation is a *de minimus* test intended to weed out patently groundless claims and the most minor of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987); *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2005) (stating that the step two inquiry is a *de minimus* screening device to dispose of groundless claims) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)); *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (step two is a "*de minimis* threshold"). An impairment is non-severe at Step Two only if the evidence establishes a slight abnormality that has only a minimal effect on an individual's ability to work. *Smolen*, 80 F.3d at 1290. Given the record of evidence supporting Plaintiff's PTSD, and given the fact that the ALJ mentioned Plaintiff's PTSD and was clearly aware of it – the court concludes that the ALJ

erred in finding that condition to be subjected to weeding out at Step Two as patently groundless, or as the most minor of impairments. Instead, the court finds that Plaintiff's PTSD warrants serious consideration in the development of a full and fair disability record, both at Step Three and in the ultimate formulation of Plaintiff's RFC. In fact, it appears to the court that the combination of the physical and mental conditions described in Plaintiff's opening brief may indeed be disabling (*see* Pl.'s Br. (dkt. 9) at 7-14) – however – due to the ALJ's failure to properly develop the record and properly engage the five-step sequential evaluation process, further proceedings are necessary.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ's duty to "conduct an appropriate inquiry" is triggered where evidence is ambiguous or when the record is inadequate to allow for proper evaluation of the evidence. *Id.*; *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests." *Id*. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id*. (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999)). Here, the court finds that the ALJ erred in failing to consider Plaintiff's PTSD at Step Two and beyond.

Because the additional record development set forth above is necessary, the court declines to address Plaintiff's remaining arguments. Those issues, if necessary, may be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). On remand, the Commissioner is instructed to consider the other issues raised in Plaintiff's briefing and

modify any ensuing ALJ opinion as appropriate in order to reflect that those issues have been considered and addressed. *Steven M. v. Saul*, 2021 U.S. Dist. LEXIS 52225, *17 (N.D. Cal. Mar. 19, 2021).

## CONCLUSION

Accordingly, this case is **REMANDED** for further proceedings consistent with the holdings and instructions provided herein. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: March 11, 2025

ROBERT M. ILLMAN
United States Magistrate Judge