United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BOBBIE RANCOURT,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 23-cv-05770-RMI<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER SECTION 406(B)**<br><br>Re: Dkt. No. 16 |

After Plaintiff brought this action for review of the Commissioner of Social Security's decision to deny benefits, this court remanded the case (dkt. 12), and the Commissioner issued a favorable decision. Her attorney, Katherine Siegfried, now seeks $30,394.00 in attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. §§ 406(b) and 1383(d)(2)(B). (Dkt. 16 at 1.) The Commissioner does not oppose or support the request for attorney fees. For the following reasons, the court GRANTS the motion for attorney's fees.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's application for disability benefits was denied by the agency's initial decision. Plaintiff subsequently brought an action for judicial review, and this court remanded the case for further proceedings. (Order, Dkt. 12.) The court then granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and awarded $10,000.00 in attorney's fees to Plaintiff. (Order, Dkt. 14.)

On remand, the administrative law judge granted Plaintiff's application and awarded

United States District Court
Northern District of California

$121,576.00 in total past-due benefits.[1] (Pl.'s Mot. Ex. Notice of Award, Dkt. 16-4, at 4.) Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. (Pl.'s Mot. Ex. Fee Agreement, Dkt 16-5, at 1.) In the formal Notice of Award, Plaintiff was made aware that 25% of the past-due disability benefits amounted to $30,394.00 and that this amount was set aside to pay her attorney fees.

**LEGAL STANDARD**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to Section 406(b) of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that section 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under section 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a section 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the

[1] The total award amount was calculated from the $30,394.00 identified as 25% of past-due benefits in the Notice of Award.

results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced" for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method undercompensates attorneys for the risk they assume in representing [Social Security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

**DISCUSSION**

The court finds that counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingency fee agreement providing for a 25 percent fee, which is consistent with the statutory maximum. (Pl.'s Mot. Ex. Fee Agreement., Dkt. 16-5, at 1.) In the Notice of Award, Plaintiff was informed of her right to protest the fee. (Pl.'s Mot. Ex. Notice of Award, Dkt. 16-4 at 1.) Plaintiff endorsed the fee amount in a declaration attached to the petition for fees. (Rancourt Decl. ¶¶ 6–8, Dkt. 16-3.) There is no evidence that counsel's performance was substandard—indeed, counsel's representation resulted in Plaintiff receiving $121,576.00 in past due benefits. Moreover, counsel's fee request of $30,394.00 is equal to the statutory maximum of 25% of the past-due benefits. *See Brenn v. O'Malley,* No. 23-CV-05010-DMR, 2025 WL 2419268, at *2 (N.D. Cal. Aug. 21, 2025) (awarding 25% of the past-due benefits awarded).

Plaintiff's counsel states that she expended 41.70 hours on this litigation, leading to an effective hourly rate of approximately $729.00. (Pl.'s Mot. Ex. Attn'y Timesheet, Dkt. 16-6, at 1.) While this is over two and almost three times her requested rate of about $251.84 for EAJA fees, it falls squarely within the range of hourly rates approved in the Ninth Circuit for social security contingency fee cases and is lower than some rates approved by courts in the Ninth Circuit. *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting Ninth Circuit cases and finding an effective hourly rate of $2,307.69 to be reasonable); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an hourly rate of $1,325.34 reasonable in social security case under 406(b) and collecting

cases); *Valdivia v. Comm'r of Soc. Sec.*, No. 25-CV-01791-BLF, 2026 WL 1622828 (N.D. Cal. June 4, 2026) (awarding Ms. Siegfried an effective hourly rate of $808.08 under section 406(b)). Counsel's itemized billing sheet includes typical litigation tasks and hours. (Dkt. 16-6 at 1.) The court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The court finds that the hours provided based on the work performed are reasonable, as is the effective hourly rate. Further, there is nothing in the record to suggest that any delay in this case was unreasonable or attributable to Plaintiff's counsel's conduct.

Moreover, the requested fees are reasonable given the risk assumed by counsel in taking this case on a contingency basis, as the claims had already been denied in an administrative proceeding. *See Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants . . ."); *Ainsworth*, 2020 WL 6149710 at *3 ("Here, Counsel assumed a substantial risk of not recovering attorneys' fees because the claims had been denied after exhausting administrative remedies."); *Lewis v. Dudek*, No. 22-CV-05180-TSH, 2025 WL 1104770, at *2 (N.D. Cal. Apr. 14, 2025) ("the requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants."). Based on the findings above that there is a valid contingency fee agreement, that the amount of fees requested is not disproportionate to the work performed, that counsel's work was not substandard or unreasonable, that the requested effective hourly rate is reasonable, and that counsel assumed substantial risk in taking this case, the court finds the requested fees are reasonable.

Once the court determines that the fee sought under section 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* EAJA fees awarded by this Court belong to the

Plaintiff and are subject to offset under the Treasury Offset Program. *Astrue v. Ratliff*, 560 U.S 586, 597–98 (2010). Here, Plaintiff's counsel has provided a receipt showing that the EAJA fees previously awarded in this case were subject to the Treasury Offset Program in the amount of $10,000.00 to pay Plaintiff's federally recoverable debt. (Pl.'s Mot. Ex. Treasury Offset, Dkt. 16-7, at 1.) Thus, because counsel never received the EAJA fees, it is not necessary for her to refund those fees to Plaintiff out of the section 406(b) award. *See Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) ("The Court concludes that in this situation, no offset is required because the plain language of the Savings Provision of the EAJA . . . requires a refund only where an attorney has '*received* fees for the same work.'"); *Salinas v. Comm'r of Soc. Sec.*, No. 1:15-CV-00976-EPG, 2022 WL 484905, at *4 (E.D. Cal. Feb. 16, 2022) (collecting cases).

**CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiff's counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $30,394.00, with no offset for the EAJA fees previously awarded. The court ORDERS the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a).

**IT IS SO ORDERED.**

Dated: July 16, 2026

ROBERT M. ILLMAN
United States Magistrate Judge